[Civ. No. 34307. First Dist., Div. Three. Feb. 20, 1975.]

NAVAJO TERMINALS, INC., Plaintiff and Appellant, v.
SAN FRANCISCO BAY CONSERVATION AND DEVELOPMENT
COMMISSION et al., Defendants and Respondents.

**COUNSEL**

Guidotti & Mellana and Aldo P. Guidotti for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Robert H. O'Brien, Assistant Attorney General, Nicholas C. Yost and E. Clement Shute, Jr., Deputy Attorneys General, for Defendants and Respondents.

**OPINION**

**SCOTT, J.**—Navajo Terminals, Inc. (Navajo) appeals from a judgment of dismissal after the demurrer of San Francisco Bay Conservation and Development Commission (BCDC or Commission) was sustained without leave to amend. Dismissal was as to all causes of action set forth in Navajo's complaint. However, this appeal is only from dismissal of the third cause of action.

The third cause of action alleges, in substance, that Navajo is the owner of certain real property with approximately 500-foot frontage on the United States Tidal Canal; that on November 18, 1971, BCDC, by its resolution pursuant to Government Code section 66611, established a portion of Navajo's property as a waterfront park; that such action by BCDC constituted inverse condemnation for which Navajo is entitled to damages.

We hold that the adoption of a resolution "fixing and establishing within the shoreline band the boundaries of the water-oriented priority land uses" pursuant to the McAteer-Petris Act (Gov. Code, tit. 7.2) does not constitute a taking for which the property owner is entitled to damages.

In *Selby Realty Co.* v. *City of San Buenaventura* (1973) 10 Cal.3d 110, 120-121 [109 Cal.Rptr. 799, 514 P.2d 111], the court stated: "The deleterious consequences of haphazard community growth in this state and the need to prevent further random development are evident to even the most casual observer. The Legislature has attempted to alleviate the problem by authorizing the adoption of long-range plans for orderly progress. Thus, it has provided not only for the adoption of general plans but also regional plans (§ 65060 et seq.), specific plans (§ 65450 et seq.), district plans (§ 66105 et seq.), and a comprehensive plan for the conservation of San Francisco Bay (§ 66650 et seq.). In addition, the voters recently passed an initiative measure providing the mechanism for adoption of plans to preserve and protect the state's coastline. (Pub. Resources Code, § 27000 et seq.)

"If a governmental entity and its responsible officials were held subject to a claim for inverse condemnation merely because a parcel of land was designated for potential public use on one of these several authorized plans, the process of community planning would either grind to a halt, or deteriorate to publication of vacuous generalizations regarding the future use of land. We indulge in no hyperbole to suggest that if every landowner whose property might be affected at some vague and distant future time by any of these legislatively permissible plans was entitled to bring an action in declaratory relief to obtain a judicial declaration as to the validity and potential effect of the plan upon his land, the courts of this state would be inundated with futile litigation. It is clear, under all the circumstances, that plaintiff has not stated a cause of action against

the county defendants for either declaratory relief or inverse condemnation."  [citation]

The language is dispositive of Navajo's contention that BCDC's action constituted a taking.

The McAteer-Petris Act creating BCDC contemplates adoption of a general plan "by which the San Francisco Bay and its shoreline can be analyzed, planned, and regulated as a unit." (Gov. Code, § 66600.) The Legislature directed planning of nearly all aspects of the San Francisco Bay, including water-oriented land uses (Gov. Code, § 66602), which was the subject matter of the plan encompassing a part of Navajo's property.

At the time of the adoption of the subject resolution on November 18, 1971, Government Code section 66611 provided that the boundaries of the water-oriented land uses could only be changed by the Legislature. (Subsequent amendments to that section in 1972 [Stats. 1972, ch. 373, § 1] delegate the power of amendment and modification to BCDC.) Navajo contends that at the time of the resolution it constituted a taking because BCDC had no authority to modify the plan. Hence it was not merely a general plan as contemplated by *Selby*. Navajo's argument ignores the fact that the plan was modifiable, however in a different forum, that is, the Legislature.[1]

There are no allegations in the complaint to bring Navajo's cause of action within the rule set forth in *Klopping* v. *City of Whittier* (1972) 8 Cal.3d 39 [104 Cal.Rptr. 1, 500 P.2d 1345], which held that if a city had acted unreasonably in issuing pre-condemnation statements, either by excessively delaying eminent domain proceedings or through other oppressive conduct, the owner was entitled to maintain an action in inverse condemnation. *Selby* made clear that *Klopping* was no support for a claim that planning designations constitute takings.

No action is alleged to have been taken by BCDC, except to adopt the resolution previously referred to.

In *Selby*, the court stated: "Neither *Klopping* nor any other decision of

---

[1] It is noted that BCDC has in fact suggested to Navajo that it would entertain a request to reevaluate its plan so as not to include Navajo's property as a shoreline park. Navajo contends, however, that its right to damages attached upon the adoption of the resolution.

which we are aware holds that the enactment of a general plan for the future development of an area, indicating potential public uses of privately owned land, amounts to inverse condemnation of that land." (10 Cal.3d at p. 119.)

Here, as in *Selby,* the plan is only tentative. It could be altered, modified or even abandoned as it relates to Navajo (Gov. Code, §§ 66630, 66651, 66652), either by the Legislature after its adoption by BCDC or by the Commission at the present time. Navajo suggests no other allegations that would be available to it if it were granted leave to amend. "Without question, an *undue* restriction on the use of private property is as much a taking for constitutional purposes as appropriating or destroying it." (*Candlestick Properties, Inc.* v. *San Francisco Bay Conservation etc. Com.* (1970) 11 Cal.App.3d 557, 572 [89 Cal.Rptr. 897].) The adoption of the resolution by BCDC did not impose an undue restriction on Navajo's land.

In this situation Navajo could not allege facts sufficient to constitute a cause of action and the demurrer was properly sustained without leave to amend. (3 Witkin, Cal. Procedure (2d ed. 1971) § 847, p. 2451.)

Other issues suggested by Navajo are premature. They are whether the Navajo property as a waterfront park is a legitimate land use objective, whether the designation creates an impermissible island, and whether the property's use as a park for public benefit is grossly disproportionate to any economic loss Navajo will sustain. (*Selby Realty Co.* v. *City of San Buenaventura, supra,* 10 Cal.3d at pp. 120, 121, 123.)

Judgment of dismissal is affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.

A petition for a rehearing was denied March 21, 1975, and appellant's petition for a hearing by the Supreme Court was denied April 16, 1975.